UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ESSEX CRANE RENTAL CORP.<br><br>VERSUS<br><br>DB CROSSMAR 14, her tackle, furniture, apparel, appurtenances, etc., *in rem*, Manitowoc, 4100W-I, 230 Ton Lift Crane, Serial Number LC-M-41348, *in rem* and CROSS GROUP, INC., *in personam* | CIVIL ACTION<br><br>NO.<br><br>SECTION " "    MAGISTRATE #<br><br>JUDGE<br><br>MAGISTRATE |

**VERIFIED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes complainant, Essex Crane Rental Corp., and for its Verified Complaint against the DB CROSSMAR 14, her tackle, furniture, apparel, appurtenances, etc., *in rem*, the Manitowoc, 4100W-I, 230 Ton Lift Crane, Serial Number LC-M-41348, *in rem*, and Cross Group, Inc., *in personam*, stating an admiralty and maritime claim within this Honorable Court's admiralty and maritime jurisdiction in accordance with Rule 9(h) of the Federal Rules of Civil Procedure and Rules C and D of the Supplemental Rules for Certain Admiralty and Maritime Claims, with respect, alleges upon information and belief as follows:

**JURISDICTION AND PARTIES**

I.

Jurisdiction is proper in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rules C and D of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Venue is also proper in this district in accordance with 28 U.S.C. § 1391(b)(2) and (d) and Rules C and D of the Supplemental Rules for Certain Admiralty and Maritime Claims.

{N3228829.3}

II.

At all material times, plaintiff, Essex Crane Rental Corp. (hereinafter referred to as "Essex"), was and now is a corporation organized under the laws of the State of Delaware, and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

III.

At all material times, plaintiff, Essex, was and still is the record owner and title holder of a Manitowoc, 4100W-I, 230 Ton Lift Crane, Serial Number LC-M-41348 (the "Crane"), which is aboard the DB CROSSMAR 14, Official Number 1025224, and the Crane is now or will during the pendency of this lawsuit be, upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

IV.

Upon information and belief, defendant, Cross Group, Inc. (hereinafter referred to as "Cross Group"), was and now is a corporation organized under the laws of the State of Louisiana doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court and was and is the registered owner of the DB CROSSMAR 14 (hereinafter referred to as the "Vessel").

V.

At all material times, defendant, the Vessel, Official Number 1025224, was and still is a 250 foot crane vessel, registered in the United States. The *in rem* defendant vessel is now or will during the pendency of this lawsuit be, upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

VI.

Essex and Cross Group, as owner and operator of the defendant Vessel, entered into an Equipment Rental Agreement dated January 2, 2008, as amended (the "Agreement"), pursuant to

which Essex provided the Crane and various services and/or personnel for the Vessel, and the Crane and related services and/or personnel were essential to and necessary for the operation of the Vessel and accomplishment of her mission.

VII.

Under the Agreement, as amended, Cross Group agreed to pay Essex a monthly rental in the amount of $14,000.00.

VIII.

Under the Agreement, Cross Group is obligated to pay for transportation out of the Crane at the agreed price of $18,000.00.

IX.

Under the Agreement, failure to pay invoices when due is an event of default, entitling Essex to, *inter alia*, the following cumulative remedies:

(a) Terminate the Agreement;

(b) Take possession of the Crane;

(c) Recover rental amounts then due; and

(d) Recover full damages for any injuries to the Crane, including all transportation expenses incurred to return the Crane to Essex and all expenses for service, repair and cleaning of the Crane to restore it to good serviceable condition.

X.

Under the Agreement, Essex is entitled to costs and disbursements, including attorney's fees, for the prosecution of this action.

XI.

Under the Agreement, Essex is entitled to a finance charge of 1.5% per month (18% per annum) for payments that are past due.

XII.

In accordance with the terms of the Agreement, Essex invoiced Cross Group for the services and personnel provided for the Vessel. Essex invoiced Cross Group in the amount of approximately $213,000.00 for Crane Rental through May 2, 2016, which amount Cross Group has failed to pay, in breach of the terms and conditions of the Agreement.

XIII.

The failure of Cross Group to pay amounts due is an enumerated event of default under the Agreement, entitling Essex to recover from Cross Group not only to the aforementioned $213,000 amount due but also to take possession of the Crane, recover from Cross Group all finance charges thereon, all transportation expenses for the return of the Crane to Essex and all expenses for the service, repair and cleaning of the Crane to return it to good serviceable condition.

XIV.

Essex is entitled to a maritime lien against the Vessel, and is legally entitled to seize said Vessel pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter. Essex provided goods and services for the Vessel on the order of the owner or a person authorized by the owner, which services and personnel constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. § 31342 as defined in 46 U.S.C. § 31301. Alternatively, Essex is entitled to a maritime lien against the Vessel as a result of the breach of the charter for the Crane.

XV.

Cross Group is justly indebted to Essex for the damages as aforesaid and as to be shown more particularly at trial.

XVI.

As owner and record title holder of the Crane, Essex is additionally entitled to seize and recover possession of its Crane, which is currently located on the Vessel, pursuant to Rules D of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Cross Group is in wrongful possession of the Crane following its breach of the Agreement, and Cross Group's continued possession of the Crane constitutes the tort of conversion of Essex's maritime property under the general maritime law.

XVII.

Alternatively, Essex is entitled to specific performance of its contractual right to take possession of the Crane at the sole cost of Cross Group and/or injunctive relief requiring Cross Group to return the Crane to Essex as the rightful owner and title holder of the Crane to prevent the irreparable harm that will occur to its Crane and to Essex's loss of business opportunities if the Crane were to remain in the possession of Cross Group.  The public interest and equity favor the return of the Crane to Essex.

XVIII.

Despite numerous amicable demands and upon notice of monies owed by Cross Group and/or the Vessel and requests for payment of the aforementioned charges, the debt has not been paid.

XIX.

Essex reserves the right to amend any article of this Verified Complaint as facts become better known.

XX.

In accordance with applicable Local Admiralty Rules, Essex agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a result of seizing the aforesaid property.

**WHEREFORE**, complainant, Essex Crane Rental Corp. prays:

1. For judgment *in personam* against defendant, Cross Group, Inc. together with interest at the contractually-agreed rate and/or pre-judgment interest, expenses, attorney's fees and costs;

2. For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be issued by the Court against the DB CROSSMAR 14, Official Number 1025224, her tackle, furniture, apparel, appurtenances, etc., and that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the DB CROSSMAR 14 be seized, condemned and sold to satisfy all amounts owed to Essex Crane Rental Corp. as set forth herein;

3. For process *in rem* pursuant to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be issued by the Court against the Crane, which is currently aboard the DB CROSSMAR 14 and is or will be found within this district; and that Cross Group, Inc., and any other person claiming any interest in the aforesaid Crane, be cited to appear before this honorable court, and be ordered to show cause as to why the Crane should not be immediately returned to Essex Crane Rental Corp. as set forth herein;

4. For Judgment *in rem*, against the DB CROSSMAR 14 in the full amount due as set forth herein, including pre-judgment interest, costs, seizure expenses and all attorney's fees;

5. That, with the exception of the Crane, any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Essex Crane Rental Corp. as set forth herein;

6. That the Court order the Crane be returned to Essex Crane Rental Corp. as required by the Agreement and by law and/or statute;

7. That defendants be cited to appear and answer the matters aforesaid;

8. And that this Honorable Court grant plaintiff such other and further relief which it may deem just and proper.

Respectfully submitted,

*/s/ John J. Broders*

JOHN J. BRODERS (#03486) TA
WILLIAM C. BALDWIN (#31613)
CATHERINE C. CORDES (#35090)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8172
Facsimile: (504) 589-8172
*Attorneys for complainant,*
*Essex Crane Rental Corp.*