UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ESSEX CRANE RENTAL CORP.**                                      **CIVIL ACTION**

**VERSUS**                                                        **NO. 16-8146**

**DB CROSSMAR 14, ET AL.**                                        **SECTION "B"(1)**

### ORDER AND REASONS

Before the Court is Wells Fargo Equipment Finance, Inc.'s ("WFEFI") "Ex Parte Motion to Confirm United States Marshal's Sale and to Cancel All Mortgages, Liens, Encumbrances, and Pre-Existing Claims against the D/B CROSSMAR 14." Rec. Doc. 69. On October 7, 2016, this Court ordered the sale of the DB CROSSMAR 14 to take place on October 24, 2016. Rec. Doc. 53. On October 20, 2016, this Court granted the *ex parte*/consent motion of WFEFI, the plaintiff in intervention, allowing WFEFI to credit bid at the sale in an amount up to $7,119,195.22. Rec. Doc. 66 at 2. At the sale, WFEFI submitted the only bid, a credit bid of $2,497,500, the minimum sale price established by the Marshal. *See* Rec. Docs. 69 at ¶ 7; 68. Pursuant to Local Admiralty Rule 64.6(B), the Marshals Service submitted a "Proces Verbal" on October 28, 2016 certifying the results of the public auction and identifying WFEFI as the purchaser by credit bid. Rec. Doc. 68.

According to Rule 64.6(B), "[i]f within three business days no written objection is filed, the sale is confirmed, provided that no sale is confirmed until the buyer has performed the terms

of his purchase." Thus, on October 31, 2016, after WFEFI made a cash payment of $37,477.50 to the Marshal in full payment of the Marshal's sale commission and three days after the Marshals Service filed its return, WFEFI filed the instant *ex parte*/consent motion to (1) confirm the sale; (2) cancel all mortgages, liens, encumbrances, and any other pre-existing claims against the DB CROSSMAR 14; (3) instruct the United States Marshal to execute a Bill of Sale transferring title to the DB CROSSMAR 14, her tackle, apparel, appurtenances, etc. to WFEFI, free and clear of all mortgages, liens, encumbrances, and any other form or pre-existing claims; and (4) instruct the former owners to turn over all certificates, manuals, and other documentation necessary for the vessel's operation and registration to a duly authorized representative of WFEFI. As of this date, there have been no objections to the Court's confirmation of the sale. Accordingly,

**IT IS ORDERED** that the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that:

1. The sale of the DB CROSSMAR 14 (official number 1025224), her tackle, apparel, appurtenances, etc. to Wells Fargo Equipment Finance, Inc., free and clear of all mortgages, liens, encumbrances, and pre-existing claims of any form, in accordance with earlier Court orders, is hereby **CONFIRMED**;

2. All existing mortgages, liens, encumbrances, and other pre-existing claims of any form, in accordance with earlier Court orders, against the DB CROSSMAR 14 are hereby **CANCELLED**;

3. The United States Marshal for the Eastern District of Louisiana is hereby ordered to execute a Bill of Sale in the usual form transferring title to the DB CROSSMAR 14, her tackle, apparel, appurtenances, etc. to Wells Fargo Equipment Finance, Inc., free and clear of all mortgages, liens, encumbrances, and any other form of pre-existing claims, in accordance with earlier Court orders, against the DB CROSSMAR 14, with delivery of the sale documentation and the vessel as soon as possible following the entry of this Order; and

4. The DB CROSSMAR 14's former owners or agents are hereby directed to turn over all certificates, manuals, and other documentation necessary for the vessel's registration and operation to a duly authorized representative of Wells Fargo Equipment Finance, Inc.

New Orleans, Louisiana, this 9th day of November, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE