```
          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF LOUISIANA
```

**ESSEX CRANE RENTAL CORP.**                             **CIVIL ACTION**

**VERSUS**                                               **NO. 16-8146**

**DB CROSSMAR 14, ET AL.**                               **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court is "Cross Maritime, Inc. and Cross Holdings, Inc.'s Motion to Extend Time to Respond to Wells Fargo Equipment Finance, Inc.'s Motion for Summary Judgment, and to Extend Time to Object to Evidence." Rec. Doc. 82. Intervenor Wells Fargo Equipment Finance, Inc. ("Wells Fargo") timely filed a response memorandum. Rec. Doc. 86. For the reasons discussed below,

**IT IS ORDERED** that the motion for an extension (Rec. Doc. 82) is **DENIED**.

On October 20, 2016, this Court recognized a mortgage held by Wells Fargo and that Cross Maritime, Inc.[1] owed Wells Fargo $7,119,195.22. Rec. Doc. 66 at ¶ 2. On October 28, 2016, after previously granting a motion to set sale of the vessel owned by Cross, the vessel was sold to Wells Fargo for $2,497,500.00, three quarters of its appraised value. Rec. Docs. 68; 77-3 at 4.

On February 14, 2017, Wells Fargo filed a motion for summary judgment and set the motion for submission on March 1, 2017. Rec. Doc. 77. Essentially, Wells Fargo argues that Cross owes

---

[1] Cross Maritime, Inc. and Cross Holdings, Inc. will hereinafter be referred to collectively as "Cross."

$4,839,375.20 plus interest at the rate of 12%, $335,621.17 plus interest at the federal judicial rate, reasonable attorneys' fees and costs, and asks this Court to confirm the Master Security Agreement at issue. *Id.* at 1. Pursuant to Local Rule 7.5, an opposition memorandum was due no later than February 21, 2017. However, Cross waited until February 28, 2017 to file a motion for an extension of time within which to respond. Rec. Doc. 80. This motion was marked deficient. *Id.* On March 1, 2017, Cross then filed the instant motion for an extension, set for submission on March 29, 2017. Rec. Doc. 82. The Court set the motion for submission on March 8, 2017 and informed the parties that any opposition to the motion had to be filed no later than March 6, 2017. Rec. Doc. 85. Wells Fargo timely filed its opposition memorandum. Rec. Doc. 86.

In its motion for an extension, Cross claims that it needs "additional time to retain a surveyor with the appropriate background and expertise necessary to properly inspect and calculate the value of the DB CROSSMAR 14." Rec. Doc. 82 at 1. It further argues that an accurate valuation of the vessel would take into account "the cyclical business trends of the oil and gas industry" and that giving it until March 29, 2017 to respond would not interfere with this Court's March 31, 2017 motion deadline. *Id.* at 2; *see also* Rec. Doc. 82-1 at 2.

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may, for good cause, extend the time within which an act must be done "on motion made after the time has expired if the party failed to act because of excusable neglect."

> Because congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citations omitted) (discussing the meaning of "excusable" neglect in the context of Federal Rule of Bankruptcy Procedure 9006(b)); *see also Agee v. City of McKinney, Tex.*, 593 F. App'x 311, 314 (5th Cir. 2014) ("In evaluating 'excusable neglect,' a court considers '(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith'") (citations omitted); *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, No. 96-4023, 1998 WL 87617, at *2 (E.D. La. Feb. 20, 1998) (noting that "the *Pioneer* Court recognized that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable'

3

neglect'") (citing *Pioneer*, 507 U.S. at 392). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (citations omitted).

Here, Cross maintains that an extension would not prejudice Wells Fargo because (1) Wells Fargo has already assumed ownership of the vessel and (2) the dispositive motion deadline is not until March 29, 2017. Rec. Doc. 82-1 at 3. On the other hand, Wells Fargo notes that the deadline to file witness and exhibit lists and for Defendant to deliver expert reports was February 20, 2017, but Cross did not file any such lists or exchange any expert reports with Wells Fargo. Rec. Doc. 86 at 3. Further, Wells Fargo believes that Cross is using this motion as a delay tactic, especially considering that Cross has not made a payment on its indebtedness to Wells Fargo since August 26, 2016 and that there is no evidence that the pre-sale appraisal does not reflect the vessel's fair market value. *Id.* at 4-5.[2]

---

[2] Cross makes conclusory allegations that the pre-sale appraisal does not represent the vessel's true value because "Wells Fargo . . . sought to take advantage of depressed market conditions in the oil and gas industry." Rec. Doc. 82-1 at 3. "The deficiency owing under a mortgage is calculated by establishing the difference between the total outstanding obligation and the 'fair market value' [at the time of sale] of the vessel involved." *EnSerCo, L.L.C. v. Drilling Rig Noram 253*, 126 F. Supp. 2d 443, 446 (S.D. Tex. 2000) (citing *Bollinger & Boyd Barge Serv., Inc. v. Motor Vessel, Captain Claude Bass*, 576 F.2d 595, 598 (5th Cir. 1978)). While the price obtained at a fairly conducted sale may generally be considered fair market value, an offset may be used where there is a showing of a "probable significant disparity between the sales price of the property and its fair value." *Id.* (citations omitted). *See*

Cross further argues that, by setting the motion for summary judgment for submission ahead of the dispositive motion deadline in the Scheduling Order, Wells Fargo gave Cross only seven days within which to obtain a counter-appraisal. Rec. Doc. 82-1 at 3-4. In response, Wells Fargo maintains that, between the time that it obtained the required appraisal before the October 24, 2016 sale and the time it filed its motion for summary judgment, "Cross had *four months* . . . to retain an expert to prepare an appraisal of the vessel if it disagreed with the appraised value . . . ." Rec. Doc. 86 at 3 (emphasis in original).

The only reason that Cross apparently provides to explain its late filing is that the parties were actively negotiating before and after Wells Fargo filed its motion for summary judgment; but it was not until February 27, 2017 that Wells Fargo informed Cross that it would not agree to extend the pretrial deadlines. Rec. Doc. 82-1 at 4-5. It was the following day, February 28, 2017, that Cross filed its original, deficient motion for an extension. *Id.* at 5.

---

*also Walter E. Heller & Co. v. O/S Sonny V.*, 595 F.2d 968, 972 (5th Cir. 1979) (finding an abuse of discretion where the vessel was sold to the creditor for $35,000, but, in opposition to the sale, the opponents submitted an affidavit showing that the appraised value of the vessel was $118,000 and informed the court that the creditor resold the vessel for $52,000). Though there is a "need for heightened scrutiny . . . when . . . the property is sold to the foreclosing creditor," as in this case, (*id.* (citing *Walter E. Heller & Co.*, 595 F.2d at 972)), Cross was given an opportunity to object to the sale before the sale was confirmed by this Court on November 9, 2016 (*see* Rec. Doc. 70).

The fact remains that Cross could have filed a motion for an extension before the deadline for filing an opposition passed. That the parties were attempting to settle their claims outside of Court does not excuse Cross's failure to abide by this Court's deadlines. Further, the pre-sale appraisal took place more than four months ago and Cross had more than sufficient reason to know and notice that Wells Fargo would subsequently rely on this appraisal during the litigation. If Cross intended to contest the appraisal in good faith, it presumably would have retained an expert before the deadlines for exchanging expert reports and filing witness lists passed. Cross also failed to provide the Court with any persuasive evidence that the appraisal relied on by Wells Fargo was deficient. Instead, Cross's motion for an extension makes conclusory allegations about the vessel's value and points the Court to its own assessment of the vessel's "replacement value."

Because Cross failed to take any reasonable steps to ensure that Wells Fargo's motion for summary judgment was not granted as unopposed, it is reasonable to find that it now moves for an extension solely to delay and further prejudice the inevitable. *See, e.g. Agee*, 593 F. App'x at 314 (finding there was no abuse of discretion where the district court refused to grant an extension of time to respond to a motion for summary judgment after the party waited to request an extension until eighty-eight days after the deadline); *McCarty*, 376 F. App'x at 444 (finding no abuse of

6

discretion where the court granted the first, timely-filed motion for an extension, but denied a subsequent, untimely motion for an extension, despite the party's claims of a prison power outage); *Draper v. KK Ford, LP*, 196 F. App'x 264, 265 (5th Cir. 2006) (finding no abuse of discretion where the district court denied a motion for an extension of time filed five days after the expiration of the deadline, because "[a] busy practice does not constitute excusable neglect"); *Gillespie v. B L Dev. Corp.*, 67 F. App'x 243 (5th Cir. 2003) (finding no abuse of discretion where an extension, filed fourteen days after a response was due, was denied, because "counsel's busy schedule" did not amount to excusable neglect).

> Regardless of [Cross's] intentions, or inattention, which led to the flouting of discovery [and response] deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

*Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (finding no abuse of discretion in the lower court's decision to strike a party's untimely witness designation and precluding expert testimony).

Accordingly,

**IT IS ORDERED** that the motion for an extension (Rec. Doc. 82) is **DENIED**.[3]

New Orleans, Louisiana, this 13th day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Cross also objects to the Declaration of Douglas Hein attached to Wells Fargo's motion for summary judgment, because the affidavit was unsigned. However, on March 1, 2017, Wells Fargo moved to attach a signed copy of the affidavit to the motion for summary judgment, and on March 2, 2017, this Court granted the motion. Rec. Docs. 81, 84. Accordingly, Cross's objection is moot.

8